# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JUAN CARLOS MALDONADO-MEJIA,

    Petitioner,

vs.

BRIAN E. WILLIAMS, SR., *et al.*,

    Respondents.

Case No. 2:14-cv-01484-APG-VCF

**ORDER**

    This action is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner represented by counsel.

    Petitioner, acting through appointed counsel, has filed a federal habeas petition along with a motion to stay proceedings. (Dkt. # 1 & #2). Petitioner informs the Court that he has filed a state habeas petition that is still pending in the state courts. Petitioner states that his federal petition should be deemed a protective petition, and that this Court should stay this proceeding until the conclusion of his state habeas corpus proceedings.

    The Court may stay a petition containing both exhausted and unexhausted claims if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), the United States Supreme Court indicated that a petitioner facing the "predicament" that could occur if he is waiting for a final decision from the state courts as to whether his petition was "properly filed" should file a "protective" federal petition

and ask the federal court for a stay and abeyance. *See also Rudin v. Myles*, 781 F.3d 1043, 1057 (9th Cir. 2014) (citing and quoting *Pace*, 544 U.S. at 416).

In the instant case, it appears that petitioner's federal petition contains both exhausted and unexhausted claims. Petitioner has demonstrated good cause under *Rhines* for the failure to exhaust all grounds of the federal petition prior to filing it. Petitioner's post-conviction habeas petition, in Case No. 09C259004, is currently pending in the Eighth Judicial District Court for the State of Nevada. (Dkt. #4, Exhibit 3). Because the state court's decision regarding petitioner's state post-conviction habeas petition may have several effects on the instant case, a stay of this federal habeas corpus proceeding is appropriate. Further, the grounds of the federal petition that petitioner seeks to exhaust in state court are not "plainly meritless" under the second prong of the *Rhines* test. Finally, there is no indication that petitioner engaged in dilatory litigation tactics. This Court concludes that petitioner has satisfied the criteria for a stay and abeyance under *Rhines*.

**IT IS THEREFORE ORDERED** that petitioner's motion for a stay (Dkt. #2) of this federal habeas corpus proceeding is **GRANTED.**

**IT IS FURTHER ORDERED** that this action is **STAYED** pending the resolution of petitioner's post-conviction habeas petition (Eighth District Case No. 09C259004) and any appeal therefrom.

**IT IS FURTHER ORDERED** that the grant of a stay is conditioned upon petitioner returning to federal court with a motion to reopen the case within **forty-five (45) days** of the issuance of the entry and notice of the state district court's order, or if an appeal is taken, the remittitur by the Supreme Court of Nevada, at the conclusion of the state court proceedings on the post-conviction habeas petition, whichever is later.

**IT IS FURTHER ORDERED** that the Clerk **SHALL ADMINISTRATIVELY CLOSE** this action, until such time as the Court grants a motion to reopen the matter.

Dated this 14th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE