# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JUAN CARLOS MALDONADO-MEJIA,

        Petitioner,

  v.

BRIAN E. WILLIAMS, et al.,

        Respondents

Case No.: 2:14-cv-01484-APG-VCF

**ORDER**

[ECF No. 17]

**Background**

Petitioner Juan Carlos Maldonado-Mejia challenges his 2012 state court conviction for DUI resulting in death and/or substantial bodily harm. ECF No. 9 at 2. The conviction arose out of a fatal jet-skiing accident on May 24, 2009. *See* Ex. 1.[1] Maldonado-Mejia appealed, and his conviction was affirmed on May 15, 2013. Exs. 22, 78,79. Maldonado-Mejia filed a state post-conviction habeas petition on July 19, 2014. Ex. 27. Because the petition was filed nine days after the expiration of the state limitation period, the trial court dismissed the petition as procedurally barred, and the Nevada Court of Appeals affirmed. Exs. 25, 88.

On September 12, 2014, while the state petition was pending, Maldonado-Mejia filed this action as a "protective petition." *See* ECF No. 1. I granted Maldonado-Mejia a stay while the state court proceedings were ongoing. ECF No. 7. On November 23, 2015, the state court entered an amended judgment of conviction. Ex. 26. The state court proceedings terminated in April 2017, and in June 2017 Maldonado-Mejia moved to reopen this action. On July 17, 2017, Maldonado-Mejia filed an amended petition. The respondents now move to either dismiss the

---

[1] The exhibits cited in this order, from the relevant state court record, are located at ECF Nos. 14, 15, 18.

entire amended petition as untimely or, in the alternative, dismiss Ground Three as procedurally defaulted or unexhausted and Grounds Two and Four as non-cognizable.

**Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitation period for federal habeas petitions filed by state prisoners. The one-year limitation period begins to run after the date on which the judgment challenged becomes final by the conclusion of direct review or the expiration of the time for seeking such direct review, unless it is otherwise tolled or subject to delayed accrual.[2] 28 U.S.C. § 2244(d)(1)(A).

The respondents argue that this action is untimely because Maldonado-Mejia filed his original petition more than a year after his conviction became final. While this is true with respect to the original conviction, an amended judgment of conviction was entered on November 23, 2015. Ex. 26. The Ninth Circuit has held that the limitation period begins to run from the date of the judgment pursuant to which the petitioner is being held. *Smith v. Williams*, 871 F.3d 684, 687 (9th Cir. 2017). Maldonado-Mejia is being held pursuant to the amended judgment of conviction, and the limitation period for that conviction did not expire until late 2016.[3] The original petition, filed in 2014, is therefore timely. The motion to dismiss the petition as untimely is ill-founded.

////

**Cognizability**

---

[2] While the limitation period may also begin to run from other events, Maldonado-Mejia does not claim, and it does not appear from the record, that any of the other events is applicable here.

[3] The amended petition was filed more than a year after the amended judgment of conviction became final, but the respondents' timeliness argument is confined to the timeliness of the original petition alone. At any rate, all claims in the amended petition relate back to the original petition.

The respondents argue that Grounds Two and Four should be dismissed as non-cognizable. In Ground Two, Maldonado-Mejia asserts he was "denied his federal constitutional rights by the state court's refusal to hear his petition and its determination that it was time barred." ECF No. 9 at 6 and 19-26. In Ground Four, Maldonado-Mejia asserts his "due process rights were violated by [h]is inability to properly brief his state court habeas appeal due to the court's denial of his motion for 'full-briefing.'" *Id.* at 6 and 28.

Both Ground Two and Ground Four assert claims based entirely on alleged constitutional violations and errors in Maldonado-Mejia's state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989). As both Ground Two and Ground Four assert claims based only on errors in Maldonado-Mejia's state post-conviction proceedings, they are not cognizable in this habeas action and must be dismissed.

**Procedural Default**

The respondents move to dismiss Ground Three as procedurally defaulted.[4] A federal court cannot review a claim "if the Nevada Supreme Court denied relief on the basis of 'independent and adequate state procedural grounds.'" *Koerner v. Grigas*, 328 F.3d 1039, 1046 (9th Cir. 2003). A state prisoner who fails to comply with the state's procedural requirements in presenting his claims is barred from obtaining a writ of habeas corpus in federal court by the adequate and independent state ground doctrine. *Coleman v. Thompson*, 501 U.S. 722, 731-32

---

[4] The respondents also argue, in the alternative, that Ground Three is unexhausted. This argument lacks merit. Maldonado-Mejia raised Ground Three in his state habeas petition, which was dismissed as untimely. He appealed the dismissal of the petition to the state's highest court. Ex. 39. The only legal issue that could be argued on appeal was whether the petition was properly dismissed as untimely, notwithstanding the fact that Maldonado-Mejia also detailed his ineffective assistance of counsel claims in his appellate brief. Ground Three is exhausted.

3

(1991). A state procedural bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996). A state procedural bar is "independent" if the state court "explicitly invokes the procedural rule as a separate basis for its decision." *Yang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003). A state court's decision is not "independent" if the application of the state's default rule depends on the consideration of federal law. *Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000).

Ground Three was raised only in Maldonado-Mejia's state post-conviction petition. The state courts dismissed his habeas petition as untimely under Nev. Rev. Stat. § 34.726. Exs. 25 and 88. The Ninth Circuit has held that application of the timeliness rule in § 34.726(1) is an independent and adequate state law ground for procedural default. *Moran v. McDaniel*, 80 F.3d 1261, 1268–70 (9th Cir. 1996); *see also Valerio v. Crawford*, 306 F.3d 742, 778 (9th Cir. 2002). Accordingly, the state courts applied an independent and adequate procedural bar to Ground Three.

Where such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent," or if the prisoner demonstrates both cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

To demonstrate cause for a procedural default, the petitioner must "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488. For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With

respect to the prejudice prong, the petitioner bears "the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

Maldonado-Mejia's state petition was untimely by nine days because his post-conviction counsel miscalculated the deadline for filing the petition. *See* ECF No. 27 at 4-6. The record reflects that counsel was appointed to Maldonado-Mejia before the filing of his state petition and well before the expiration of the limitation period. *See* Ex. 24. Maldonado-Mejia argues that counsel's failure to timely file his state petition was ineffective assistance and thus he can establish cause and prejudice for the default under *Martinez v. Ryan*, 566 U.S. 1 (2012).

In *Martinez*, the Supreme Court recognized a narrow, equitable rule that allows petitioners, in some cases, to establish cause for a procedural default where a substantial claim of ineffective assistance of trial counsel was not raised in initial-review collateral proceedings due to the absence or ineffective assistance of postconviction counsel. 566 U.S. at 16-17. The *Martinez* rule is an exception to the general rule that errors of postconviction counsel cannot provide cause for a procedural default. *Coleman*, 501 U.S. at 752-54; *Smith v. Baldwin*, 510 F.3d 1127, 1146-47 (9th Cir. 2007).

Whether Maldonado-Mejia's ineffective assistance of trial counsel claim is substantial and whether he suffered prejudice are questions that are intertwined with the merits of the claim itself.[5] I therefore will defer determination of whether Maldonado-Mejia can establish cause and

---

[5] I disagree with the respondents' argument that Maldonado-Mejia's ineffective assistance of trial counsel claim is conclusory. The petition clearly sets forth his arguments as to why and how trial counsel was ineffective.

prejudice under *Martinez* until the time of consideration of the merits of the claim. The respondents shall address their procedural default assertion regarding Ground Three in the answer to the petition.

**Conclusion**

IT IS ORDERED that the respondents' motion to dismiss **(ECF No. 17) is GRANTED IN PART and DENIED IN PART**. The motion to dismiss Grounds Two and Four as non-cognizable is GRANTED. Ground Three is procedurally defaulted, but I defer consideration of whether Maldonado-Mejia can establish cause and prejudice for the default until the time of the determination on the merits.

IT IS FURTHER ORDERED that the respondents shall file an answer to the remaining claims of the petition within 45 days of the date of entry of this order. Maldonado-Mejia shall file a reply within 30 days of the date of service of the answer.

Dated: December 6, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE